UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:26-cv-05168-BFM                    **Date:**  June 2, 2026

**Title:**      *Aide Ochoa Maldonado v. Markwayne Mullin et al.*

======================================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge


| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| N/A | N/A |


**Proceedings:      (In Chambers) Order Granting Petition (ECF 1)**


Petitioner Aide Ochoa Maldonado filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 13, 2026. (ECF 1 ("Pet.").) Respondents filed their Answer (ECF 9) and Petitioner her response (ECF 10). For the reasons stated below, the Petition (ECF 1) is **granted.**

## I.      Factual Background

Petitioner Aide Ochoa Maldonado is a noncitizen currently detained at the Adelanto Detention Center, within the Central District of California. (Pet. ¶¶ 2, 11.) She entered the United States in December 2004 near San Ysidro, California without inspection and has resided in the United States since then. (Pet. ¶¶ 31-32.)

In March 2013, Petitioner and her husband were indicted on federal charges in the Eastern District of Texas. (Pet. ¶ 33; ECF 1-1 at 26-31.) The charges were dropped, and Petitioner was transferred to ICE custody. (Pet. ¶¶ 34-35; ECF 1-1 at 32, 34.) Petitioner was placed in removal proceedings and was released on a minimal bond pending completion of those proceedings. (Pet. ¶¶ 36-37; ECF 1-1 at 1, 4-5.) Petitioner alleges she complied with all conditions of her release and obligations in the immigration proceedings. (Pet. ¶ 36.) Her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:26-cv-05168-BFM                           **Date:**  June 2, 2026

**Title:**       *Aide Ochoa Maldonado v. Markwayne Mullin et al.*

======================================================================

case was administratively closed as a matter of prosecutorial discretion in November 2016. (Pet. ¶ 38; ECF 1-1 at 7.)

In October 2025, Petitioner was involved in a domestic incident with her husband, and she was arrested. (Pet. ¶ 44.) According to Petitioner, her relationship with her husband has been marked by domestic violence, and law enforcement has been called to intervene on multiple occasions. (Pet. ¶¶ 41-42.) The domestic violence charges against Petitioner were dropped, and she pleaded guilty to a charge of violating section 415 of the California Penal Code, disturbing the peace. (Pet. ¶ 45.)

Petitioner was transferred into ICE custody on October 22, 2025, and has been detained at Adelanto since. (Pet. ¶ 46.)

DHS reopened her removal proceedings but has not yet entered a final order of removal. (Pet. ¶ 47.) On April 21, 2026, the immigration court held a *Rodriguez* hearing, at which Petitioner presented evidence and argument of her lack of flight risk or danger to the community. (Pet. ¶¶ 48-49.) The IJ nevertheless concluded that Petitioner was a danger to the community and a flight risk, citing Petitioner's 2013 arrest, the 2025 domestic incident, and her prior entries and immigration history. (Pet. ¶¶ 55, 56; *see also* ECF 1-1 at 8-14 (transcript of bond hearing).)

## II.    Analysis

The Petition alleges that habeas relief is warranted because Petitioner because the IJ erred in finding her danger to the community and a flight risk. (Pet. ¶¶ 66-72.) Respondents contest Petitioner's right to relief only on two narrow grounds: one, that Respondents have broad authority to revoke release, and two, that Petitioner failed to administratively exhaust her bond hearing claim. (ECF 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:26-cv-05168-BFM                          **Date:**  June 2, 2026

**Title:**       *Aide Ochoa Maldonado v. Markwayne Mullin et al.*

======================================================================

### A.      Lack of Authority

Respondents' first argument is that DHS has broad authority to revoke the release of an individual released on bond, and that the Petition is therefore, in essence, a collateral attack on her immigration court proceedings. (ECF 9 at 2-3.) Respondents' argument is not well-taken: Petitioner does not challenge the revocation of her supervision, but the IJ's decision to deny her bond. Under Ninth Circuit law, this Court is not entirely barred from considering that question. Specifically, § 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." As such, Section 1226(e) precludes a noncitizen from "challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality) (cleaned up).

Nevertheless, federal courts retain jurisdiction to consider constitutional claims or questions of law regarding bond determinations, including "mixed questions" involving the application of law to facts. An immigration courts' determination that a noncitizen presents a danger or risk of flight is such a "mixed question" amenable to federal court review. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). Although what constitutes dangerousness or risk of flight "is malleable and involves agency discretion," dangerousness and risk of flight are "still a legal standard so long as federal courts can 'assess whether an IJ correctly applied the statutory standard to a given set of facts.'" *Id.* (*quoting Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)). Thus, while the Court lacks jurisdiction over purely discretionary questions, Congress has not stripped this Court of jurisdiction over questions like the one presented here.

Respondents' suggestion, then, that it has discretion to revoke release (ECF 9 at 2) leaves out an important caveat: while it may be true that DHS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:26-cv-05168-BFM                    **Date:**  June 2, 2026

**Title:**       *Aide Ochoa Maldonado v. Markwayne Mullin et al.*

======================================================================

has such discretion, this Court has the authority to review whether it has *abused* that discretion. *Martinez*, 124 F.4th at 784 ("When questions require a close review of agency-found facts, like the "dangerousness" determination, we review for an abuse of discretion."). Petitioner seeks such review here and the Court is not barred from considering that claim.

Respondents' first argument, therefore, is unavailing.

## B.       Exhaustion

Respondents also raise failure to exhaust. (ECF 9 at 3-4.) Administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241. As a prudential matter, however, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Prudential exhaustion should be required where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted).

On the other hand, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement "when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." *Ward*, 678 F.3d at 1045.

Here, the available avenue for exhaustion would be an appeal of the IJ's bond decision to the BIA. According to data released by the Executive Office

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:26-cv-05168-BFM                              **Date:**  June 2, 2026

**Title:**       *Aide Ochoa Maldonado v. Markwayne Mullin et al.*

===================================================================

for Immigration Review, the average processing time for bond appeals in 2024 exceeded 200 days. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1253 (W.D. Wash. 2025). As of the end of fiscal year 2025, the BIA had 202,946 total pending appeals—a significant increase over its backlog at the end of 2024, suggesting that a bond appeal would take longer than the average 200-day period in 2024. See EOIR Adjudication Statistics, All Appeals Filed, Completed and Pending, https://www.justice.gov/eoir/media/1344986/dl?inline (last visited June 1, 2026).

While the time to adjudicate appeals does not excuse exhaustion across the board, it does require the Court to look carefully at the unique circumstances of the case to determine whether exhaustion should be waived. The circumstances of this case compel the Court to conclude that requiring Petitioner to exhaust her appeal would cause irreparable injury. First, Petitioner is a mother of three young children, including one who is five years old. (ECF 1-1 at 83-85.) There is evidence in the record that she was the victim of domestic violence, and that her children are currently in the custody of the alleged abuser. (ECF 1-1 at 75-76 (Petitioner's declaration); ECF 1-1 at 53 (Petitioner's cousin's declaration); ECF 1-1 at 124 (police report reflecting abuse); ECF 1-1 at 125 (restraining order docket).) Petitioner had already been in custody for seven months by the time she was finally given a *Rodriguez* bond hearing and has been in custody more than nine months as of today's date. Under the circumstances, if Petitioner were required to remain in custody through the BIA appeal process, it threatens irreparable harm to her three children.

Second, Petitioner was released on a minimal bond in 2013, and when she was detained in 2026, she was not immediately given a bond hearing or any other process related to revocation of her supervision. There is thus plenty of authority in this Circuit saying Petitioner should have been released

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:26-cv-05168-BFM                    **Date:**  June 2, 2026

**Title:**      *Aide Ochoa Maldonado v. Markwayne Mullin et al.*

======================================================================

outright long ago, long before her case ever reached this point. *See, e.g.*, Report and Recommendation, *Percin v. Santacruz*, 5:25-cv-3587-SSS-BFM, ECF 15 (C.D. Cal. Feb. 11, 2026) (analyzing the procedural due process rights of an individual released on conditional parole and ordering release), adopted by ECF 17 (February 19, 2026).

Third, Respondents have not made any argument on the merits of the decision. Forcing Petitioner to wait out an appeal where the Government does not choose to mount a substantive defense against her claims, and where the cost to Petitioner and her family would be so high, would be particularly cruel.

Under these unique circumstances, the Court will waive the exhaustion requirement and consider Petitioner's bond-hearing claim.

## C.      Respondents Forfeited Any Challenge to the Merits of her Claim

As just noted, Respondents did not make any alternative argument about the merits of Petitioner's arguments. It is not the role of the courts to generate arguments for counseled parties. *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") (cleaned up). Indeed, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* Just last week, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions presented by the

Page **6** of **7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:26-cv-05168-BFM                    **Date:** June 2, 2026

**Title:**       *Aide Ochoa Maldonado v. Markwayne Mullin et al.*

======================================================================

parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, ___ S. Ct. ___, 2026 WL 1463466, at *2 (May 26, 2026) (citation omitted).

The Court does so here. Because Respondents make no arguments concerning the merits of the Petition, and because its procedural arguments are unavailing, the Court will grant the Petitioner the relief she seeks.

**III.   Conclusion**

Accordingly, the Petition (ECF 1) is granted. Petitioner Aide Ochoa Maldonado, A# 205-700-692, shall be immediately released, on the conditions that governed her release for thirteen years. Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:    ch